*Concord General Mutual Insurance Co. v. Gritman*, No. 497-9-11 Wrcv (Teachout, J., January 22, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 497-9-11 Wrcv** |

**CONCORD GENERAL MUTUAL INSURANCE CO. and**
**KEVIN FLANAGAN and LINDA FLANAGAN**

      **v.**

**NATHAN GRITMAN, et al.**

### DECISION
### Motion for Judgment as a Matter of Law/
### Alternative Motion for a New Trial

In this case, Plaintiffs seek compensation for damages incurred by the Flanagans when their vacation home was substantially destroyed in an overnight fire when they were not occupying the property. Several Defendants met at the Flanagan home, started and maintained a fire in a chiminea on the deck while they socialized with each other, and then left around 10:30 pm. By 4:00 am, the house was on fire. Default was entered against some of the Defendants, and the case was tried before a jury against the remaining Defendants. The jury found Defendant Dylan Stinson liable on the basis that he 'acted in concert' with others who were negligent.

Mr. Stinson seeks judgment as a matter of law, or alternatively a new trial. Oral argument was heard on January 15, 2015. Mr. Stinson was represented by Attorney John J. Boylan, III. Plaintiffs were represented by Attorneys Renee L. Mobbs and Thomas C. Nuovo.

Motion for Judgment as a Matter of Law

Such a motion will be granted only if there is no legally sufficient evidentiary basis to support the judgment. V.R.C.P. 50.

Mr. Stinson argues that the evidence did not support negligence on his part. That is not at issue because the Special Interrogatories make clear that the jury did not find direct negligence on the part of Mr. Stinson. The jury did find that he acted in concert with one or more negligent persons as the basis of liability on his part.

Mr. Stinson does not dispute that acting in concert with a negligent person is grounds for liability as a matter of law in Vermont. He makes three other arguments in support of the motion: that there was insufficient evidence of causation because of the gap in time between when the Defendants left the Flanagan home at 10:30 pm and when the house was discovered to

be on fire at 4:00 am, that there was insufficient evidence of causation because the experts could not say exactly what the mechanics of the fire were, and that there is insufficient evidence that Mr. Stinson knew of the negligence of others and provided substantial assistance or encouragement to others who were negligent.

While it is true that there was a time gap between when the Defendants left the home and the discovery of the home burning, there were two fire experts who testified that it was more likely than not that the chiminea fire on the deck was the source of the house fire. Their testimony provided sufficient evidence of causation, and the jury was entitled to credit their testimony.

The fire experts were not able to identify the exact mechanics of the fire. Four possibilities were identified: excessive heat caused the wooden boards under the chiminea to become hot enough to ignite, an ember popped out of the chiminea and caught fire, a leg of the chiminea was unstable and collapsed, sending embers out that spread the fire, or the chiminea was pushed or fell over, sending embers out that spread the fire. Mr. Stinson argues that because the experts were unable to pinpoint the exact mechanics of how the fire spread from the chiminea to the house as a whole, there was insufficient evidence of causation.

Despite not being able to describe the exact mechanical course of the fire, the experts' testimony was sufficient to isolate the fire in the chiminea as the cause of the house fire that destroyed the home. This was admissible testimony, despite the fact that it did not include mechanical details. *985 Assoc. Ltd. v Daewoo*, 2008 VT 14. The jury was entitled to rely on it, and it provided a sufficient evidentiary basis for causation.

Finally, Mr. Stinson argues that there was insufficient evidence that he knew of the negligence of others and provided substantial assistance or encouragement to others who were negligent. He argues that simply having a fire is not negligent, and that simply being present at a social gathering where a fire is burning is not sufficient to establish liability for consequences of the fire on the basis of 'acting in concert.'

Granted that simply having a fire is not necessarily negligence by itself, having a fire without taking sufficient precautions to make sure that it is managed properly and completely extinguished is negligence. The jury had evidence that Mr. Stinson was part of the group that had the fire in the chiminea while they socialized and that all participated in the enjoyment of the fire as part of the party, that at times the fire was so hot that they could not get near it, and that the members of the group were young people who had assembled to drink alcohol and party at someone else's home without permission, from which the jury could infer poor judgment in their conduct generally, including management of the fire. The jury had evidence of reckless conduct on the part of group members, including the evidence that Mr. Stinson himself climbed onto the roof of the house and threw bricks down onto the deck where the fire was in the chiminea. The jury had sufficient evidence to conclude that the fire was not the responsibility of any single person but was a group enterprise, and that members of the group acted negligently when they failed to stay long enough to make sure that the fire was properly extinguished, or specifically delegate that task to one or more specified individuals who accepted the responsibility.

2

As to whether Mr. Stinson himself knew that the conduct of the others constituted a breach of duty and whether he provided substantial assistance or encouragement, the jury had evidence not only of his presence while a hot fire was being maintained by a group of youthful partiers who were exercising poor judgment, but of his active reckless conduct as part of the party in climbing on the roof and throwing bricks down onto the deck where the fire was in the chiminea, and of his leaving without having made responsible provision for extinguishment of the fire.

This case is not like *Lussier v Bessette*, 2010 VT 104, in which other members of a hunting group could not know that one would point his gun at an inappropriate target. It is an inherent part of having a fire that sufficient care must be taken to prevent the fire from spreading, which could happen in a variety of ways as a matter of mechanics but all of which must be avoided. Where the fire is the venture of a group and not the responsibility of a specified individual, and there is evidence of lack of care on the part of members of the group in managing the fire, and there is evidence that a member who knowingly participated in the group activity of that fire and encouraged the lack of attention to it through his own reckless conduct, there is sufficient evidence for the jury to find that such person was acting in concert with negligent persons under the standards set forth in the Restatement.

Mr. Stinson argues that there was insufficient evidence of fair market value of the personal property to support the damages award. He argues that Plaintiffs' expert testified as to actual cash value and not fair market value. However, Mr. Flanagan also testified about the fair market value of the property. There was sufficient evidence to support the damages award.

Alternative Motion for New Trial

Mr. Stinson argues for a new trial on the grounds that the jurors were motivated by passion or prejudice by the evidence that the Defendants were drinking and trespassing. The facts that the Defendants were on the Flanagan property without permission and that they were drinking alcohol were undisputed facts about the circumstances of the case. These facts were not presented at trial in an inflammatory manner. There is not a basis to conclude that the jurors were unduly prejudiced.

Mr. Stinson also argues that the jurors were influenced by learning that judgment had been entered against Defendants who were named but did not participate in the trial. He argues that the jurors were likely to have concluded that the court had found them liable, and then impermissibly imputed liability to Mr. Stinson. At trial the jurors were told that judgment was entered against absent Defendants so that jurors would not conjecture about their status, but the jurors were specifically informed that the basis of such judgment was the failure to respond to the lawsuit. The jurors were instructed about their own responsibility in deciding the case based on the evidence and the instructions of law. The jurors found another Defendant not liable. There is no reason to think they did not carry out their task responsibly.

3

**Order**

Based on the foregoing, Defendant Stinson's Motion is *denied.*

Dated this 20th day of January, 2015.

                    _____

                    Hon. Mary Miles Teachout
                    Superior Judge